Case 1:13-cv-00209 Document 23 Filed in TXSD on 03/17/16 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **EDMUNDO ANTONIO MONROY-RIVERA** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B:13-209 |
| | § | Criminal No. B:12-296-1 |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 4, 2013, Petitioner Edmundo Antonio Monroy-Rivera ("Monroy-Rivera") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On November 25, 2013, Monroy-Rivera filed an amended petition. Dkt. No. 9. On March 17, 2014, the United States timely responded to the motion. Dkt. No. 15.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that Monroy-Rivera's petition be **DISMISSED,** because he waived his right to file the instant petition. Furthermore, if Monroy-Rivera's petition is not dismissed, it should be **DENIED**, because it is legally and substantively meritless.

### I. Procedural and Factual Background

On June 21, 2011, a federal grand jury – sitting in Brownsville, Texas – indicted Monroy-Rivera for (1) conspiracy to possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and (2) possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. U.S. v. Monroy-Rivera, Criminal No. 1:12-296-1, Dkt. No. 4 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment and Waiver of Appellate Rights

On July 30, 2012, Monroy-Rivera appeared before the Magistrate Judge and pled guilty to possession with intent to distribute more than five kilograms of cocaine, pursuant to a written plea agreement. CR Dkt. No. 25. Count one was to be dismissed pursuant to the plea agreement. Id.

Both Monroy-Rivera's written plea agreement and plea colloquy indicate that Monroy-Rivera knowingly and voluntarily waived his appellate rights. CR Dkt. No. 25, ¶ 11; CR Dkt. No. 50, pp. 21-22.

As relevant here, paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined <u>on any grounds set forth in Title 18 U.S.C. § 3742</u>. Additionally, the defendant is aware that Title 18, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, <u>including but not limited to Title 28, U.S.C. § 2255.</u>
>
> If the defendant files a notice of appeal following imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 25, ¶ 11.

During the plea colloquy, the Magistrate Judge clearly established that Monroy-Rivera understood he was waiving his appellate rights.

> [Court]: Mr. Monroy, what I have in front of me is a written plea agreement. Under the terms of this written plea agreement, you agree to plead guilty to Count II and to waive your appellate right in exchange for which at the time of sentencing the Government will make some sentencing recommendations and will dismiss the remaining Count against you.
>
> Now, in your written plea agreement, Mr. Monroy, in paragraph 11, it says that you are aware that Title 18, United States Code, section 3742 provides a defendant the right to appeal the sentence that's imposed. You also state that you understand that Title 28, United States Code, section 2255 affords the right to contest or collaterally attack a conviction or sentence after the conviction or sentence has become final.
>
> Now, under the terms of your written plea agreement also in paragraph 11, you give up and waive your right to appeal your sentence, including any grounds set forth in Title 18, United States Code, section 3742 and your right to appeal your conviction and sentence after it becomes final under the provisions of Title 28, United States Code, section 2255.
>
> Now, Mr. Monroy, do you understand those terms of your plea agreement?
>
> [Monroy-Rivera]: Yes.

2

> [Court]: And when you met with [your attorney], did he explain those terms of your agreement to you so that you could understand them?
> [Monroy-Rivera]: Yes.

CR Dkt. No. 50, pp. 21-22.

The Court established that Monroy-Rivera had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 50, pp. 5-24. Monroy-Rivera informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. The Court further informed Monroy-Rivera that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Monroy-Rivera to something more than Monroy-Rivera might anticipate. Id. Monroy-Rivera stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id.

The Court further explained that as a result of pleading guilty, Monroy-Rivera gave up the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Monroy-Rivera confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Monroy-Rivera entered a plea of possession with intent to distribute at least five kilograms of cocaine. Id. at pp. 25-37.

On July 30, 2012, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Monroy-Rivera's guilty plea. CR Dkt. No. 22.

**B. Sentencing**

In the final presentence report, Monroy-Rivera was assessed a base offense level of 32, based on a relevant conduct finding that Monroy-Rivera was accountable for 8.03 kilograms of cocaine.[1] CR Dkt. No. 30, pp.4-5. Monroy-Rivera received a three-level

---

[1] This finding was based on the net weight of the cocaine that was found in Monroy-Rivera's vehicle when he entered the United States. CR Dkt. No. 30, pp. 3-4.

reduction for acceptance of responsibility. Id. Thus, Monroy-Rivera was assessed a total offense level of 29. Id.

Regarding his criminal history, Monroy-Rivera had no prior criminal convictions, which resulted in zero criminal history points. CR Dkt. No. 30, pp.5-6. With no criminal history points, Monroy-Rivera was assessed a criminal history category of I. Id. Monroy-Rivera's guideline sentencing range was 120 months – the mandatory minimum for his conviction. Id, p. 9. The PSR noted that absent the mandatory minimum provision, Monroy-Rivera's guideline sentencing range would have been 87 to 108 months. Id.

On November 5, 2012, the District Court adopted the Magistrate Judge's report and recommendation, accepting Monroy-Rivera's guilty plea. CR Dkt. No. 33.

On that same day, the District Court held the sentencing hearing. Upon a motion from the Government, the Court found that Monroy-Rivera was eligible for the safety valve provision, pursuant to U.S.S.G. § 5C1.2, which obviated the mandatory minimum sentence. CR Dkt. No. 53, pp. 9-10. This finding also resulted in a two level reduction in Monroy-Rivera's total offense level, resulting in a revised total offense level of 27. Id. Based on an offense level of 27 and a criminal history category of I, Monroy-Rivera's revised Guidelines sentence was 70 to 87 months. Id.

Monroy-Rivera's counsel moved for a further downward variance in the sentence, arguing that his client had never been in any previous trouble before this conviction. CR Dkt. No. 50, p. 9. That motion was denied. Id.

At the sentencing hearing, Monroy-Rivera raised the issue that he had debriefed with the Government on criminal activity, but did not receive any sentencing reduction for substantial assistance. CR Dkt. No. 50, p. 8. In response, the Assistant U.S. Attorney noted the following:

> I myself was present when the case agent attempted to debrief the defendant. The defendant was rather difficult in his debriefings, would not sign the proffer agreements, wanted us to show him all the evidence we had as to all the other instances of his involvement with other narcotic seizures that we were aware that he was involved and, as such, asked for videotapes; and without videotapes, we had nothing and could not proceed.
> The government explained, and I was present, in which in order for the

>   defendant to receive a 5K, the government had nothing to show him, and he was to willingly provide the government information. The government would proceed with the information. The case agent in this case, Mr. Guy Baker, had been studying a target for well over a year and knew a lot of instances of different seizures in which either the defendant was involved because he asked for a car, and then that car later was found with narcotics or instances such as those.
>
>   A second attempt -- because [Monroy-Rivera's attorney] became involved in the case. I believe the first attorney was fired. We made a second attempt to debrief him, and that also did not go well. The government decided because of his young age and because this was, in fact, his first offense for which he had been indicted, not involved, but indicted, the government said -- believed that he had said just enough to qualify for safety valve. But in no instance did he ever say anything that would lead the government to be able to even proceed in this case with who we know is involved in supplying the narcotics. And as such, the defendant does not deserve a 5K.

CR Dkt. No. 50, pp. 6-7.

The District Court sentenced Monroy-Rivera to 70 months of incarceration, three years of supervised release and a $100.00 special assessment, which was remitted. CR Dkt. No. 50, pp. 10-12. Count one was dismissed on the Government's motion. Id. The judgment was entered on November 13, 2012. CR Dkt. No. 34.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A)(I), 26(a)(2). Thus, Monroy-Rivera's deadline for filing a notice of appeal passed on November 27, 2012, without an appeal being filed.

On September 9, 2013, Monroy-Rivera filed a motion to compel the Government to file a motion for a sentencing reduction for substantial assistance. CR Dkt. No. 37. On October 2, 2013, the Court denied the motion. CR Dkt. No. 44.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On November 4, 2013, Monroy-Rivera timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. His petition did not include any specific claims for relief. Dkt. No. 1.

On November 5, 2013, the Court warned Monroy-Rivera "of the consequences of

5

considering his motion as one pursuant to 28 U.S.C. § 2255." Dkt. No. 3 (citing Castro v. U.S., 540 U.S. 375 (2003)). The Court noted that the current petition "is likely to be Monroy-Rivera's only chance at a collateral attack of his conviction and sentence." Id. The Court gave Monroy-Rivera the opportunity to amend his petition to include any potentially meritorious claims. Id.

On November 25, 2013, Monroy-Rivera filed an amended § 2255 petition. Dkt. No. 9. In that petition, Monroy-Rivera made five separate claims of ineffective assistance of counsel, which the Court restates as two claims:

(1) failing to "fully and timely inform [Monroy-Rivera] of the relevant law, application of law to facts and all available options and possible consequences;"

(2) "provide meaningful assistance" in Monroy-Rivera's attempts to receive a sentencing reduction for providing substantial assistance. Id.

On January 16, 2014, the Court ordered the Government to respond to Monroy-Rivera's amended petition. Dkt. No. 11.

On March 17, 2014, the Government timely filed a response to the petition. Dkt. No. 15. The Government seeks specific performance of the plea agreement, asserting that Monroy-Rivera waived his right to file the instant petition and that his claims are substantively meritless. Id.

## II. Applicable Law

### A. Section 2255

Monroy-Rivera seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume

that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

Nevertheless, as a general matter, an informed and voluntary waiver of post-conviction relief bars relief pursuant to 28 U.S.C. § 2255. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 722 (5th Cir. 2007). Waiver will not preclude relief, however, if petitioner's waiver and guilty plea are the product of ineffective assistance of counsel. See U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel claim may only challenge the assistance directly related to the effectiveness of the waiver).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of proceeding would have been different." Strickland, 466 U.S. at 694

Once a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994). A claim of ineffective assistance of

counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002). The relevant legal standards as to each of Monroy-Rivera's claims are addressed in the following sections examining those allegations.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Monroy-Rivera's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Monroy-Rivera's claims.

#### A. Waiver of Appellate Rights

In various allegations, Monroy-Rivera has asserted that his counsel was ineffective. These allegations entitle Monroy-Rivera to no relief. He waived his right to appeal or collaterally attack his sentence when he entered into a plea agreement with the United States. His waiver bars relief under 28 U.S.C. § 2255. U.S.v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Such waivers preclude relief for ineffective assistance of counsel, unless the ineffective assistance "directly affected the validity of that waiver or the plea itself." U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002).

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Scallon, 683

F.3d 680, 682 (5th Cir. 2012) (quoting U.S. v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam)). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

Monroy-Rivera knowingly and voluntarily waived his appellate rights. The record reveals that the plea agreement expressly stated that Monroy-Rivera was aware of both his right to directly appeal his sentence, pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence after the conviction and sentence were final, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 25, ¶ 11. That same paragraph indicates that Monroy-Rivera was giving up those rights.

Furthermore, the plea colloquy established that Monroy-Rivera understood that he had those rights and that, as part of his plea agreement, he was giving up those rights. CR Dkt. No. 50, pp. 21-22. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Monroy-Rivera provided no evidence contradicting his in-court statements. Indeed, Monroy-Rivera was informed of his rights and indicated that he wished to waive them pursuant to the plea agreement. Accordingly, the record establishes, without doubt, that Monroy-Rivera's waiver was knowingly and voluntarily made.

Further, Monroy-Rivera's waiver clearly applies to this case. Monroy-Rivera is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, this case should be dismissed based upon that waiver.

### B. Failed To Advise

Monroy-Rivera has asserted that his counsel was ineffective for failing to "fully and timely inform [Monroy-Rivera] of the relevant law, application of law to facts and all available options and possible consequences." Dkt. No. 9. This claim is meritless.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition..., unsupported and unsupportable by

9

anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)).  In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

Monroy-Rivera has made no showing as to what facts or law he was not advised of. Moreover, he has failed to make any showing that these facts and/or law were so relevant that they would have changed his calculus on pleading guilty. Monroy-Rivera has made a mere conclusory allegation with no facts to support it. Accordingly, his claim is meritless and should be denied.

### C. Substantial Assistance

Monroy-Rivera has asserted that his counsel was deficient for failing to properly advise him on how to receive substantial assistance. This claim is belied by the record and meritless.

The Court notes that Monroy-Rivera has not provided any facts showing that he had more information to give the Government, but failed to do so because his lawyer never told him to provide it. Monroy-Rivera simply makes a blanket allegation that his lawyer failed to provide him with "meaningful assistance." Dkt. No. 9, p. 5. This allegation has no probative evidentiary value. Ross, 694 F.2d at 1011-12.

Furthermore, the evidence shows that Monroy-Rivera was given multiple opportunities to provide substantial assistance to the Government and refused to do so. At sentencing, the AUSA noted that despite multiple proffer sessions, "in no instance did [Monroy-Rivera] ever say anything that would lead the government to be able to even proceed" against the people who supplied the narcotics to Monroy-Rivera. CR Dkt. No. 53, p. 7.

In response to Monroy-Rivera's motion to compel the Government to offer him a sentencing reduction, the case agent provided an affidavit. CR Dkt. No. 43. In that affidavit, the agent stated that Monroy-Rivera refused to identify co-conspirators, repeatedly lied and claimed that agents would be unable to protect his family in Mexico. Id. The affidavit noted

10

that on "at least four or five" occasions, Monroy-Rivera's counsel convinced the agents to debrief Monroy-Rivera, only to have Monroy-Rivera continually "lie and remain uncooperative." CR Dkt. No. 43, p. 2.

The record shows that Monroy-Rivera's counsel worked diligently to provide Monroy-Rivera repeated opportunities to debrief the Government – and to receive a reduced sentence as a result – only to be met with intransigence by his client. There is no basis in the record to conclude that Monroy-Rivera's counsel was ineffective in this realm. This claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Edmundo Antonio Monroy-Rivera's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, should be **DISMISSED** on the basis that Monroy-Rivera has waived his right to file the instant petition. Alternatively, it should be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Monroy-Rivera's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists

of reason. Although Monroy-Rivera's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on March 17, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge